891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Afilio A. ESTRADA-GUTIERREZ, Luis B. Estrada-Gutierrez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 88-7436.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1989.
Decided Dec. 1, 1989.
 
 Before WALLACE, PREGERSON, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luis and Afilio Estrada-Gutierrez petition for review of a deportation order issued by the Board of Immigration Appeals ("Board"). They contend that at the hearing on their asylum and withholding of deportation claims the Immigration Judge violated their statutory right to present evidence and abused his discretion by refusing to allow the testimony of their uncle which would have supported their asylum claim. They argue that they were prejudiced by this refusal. We have jurisdiction under 8 U.S.C. § 1105a. We deny the petition.
 
 
 3
 The Fifth Amendment guarantees due process in deportation proceedings. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985). Aliens are also entitled by statute and regulation to certain specified legal protections, including a reasonable opportunity to present testimony in their own behalf. 8 U.S.C. § 1252(b) (1982); 8 C.F.R. § 242.16(a) (1988). "Denial of these statutory rights may constitute an abuse of discretion requiring remand." Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).[1]
 
 
 4
 We apply a two-part test to decide whether remand is required in this case. First, we must determine whether the refusal to allow the uncle's testimony violated petitioners' statutory right to a reasonable opportunity to present evidence in their own behalf; second, if it did, we must determine whether the violation caused prejudice to petitioners. Id.; see Castro-O'Ryan v. United States Department of Immigration and Naturalization, 847 F.2d 1307, 1313 (9th Cir.1988).
 
 
 5
 We agree with the Board's conclusion that the Immigration Judge erred in refusing to allow the uncle to testify. Petitioners sought to support their asylum claim that they would be targets of persecution if returned to their country by introducing the uncle's testimony about his own arrest, imprisonment, and suspected links to the Somoza regime. The record suggests that the Immigration Judge denied petitioners' request at least in part because he considered the uncle's testimony irrelevant.[2] Our cases do not support that conclusion. Evidence of persecution of family members may be used to establish eligibility for political asylum or withholding of deportation. See Rodriguez v. INS, 841 F.2d 865, 871 (9th Cir.1987); Hernandez-Ortiz v INS, 777 F.2d 509, 515 (9th Cir.1985). The Immigration Judge's exclusion of this relevant evidence violated petitioners' statutory rights, and was an abuse of discretion.
 
 
 6
 The issue, then, is whether the violation prejudiced petitioners. We find prejudice where an alien's statutory rights are violated "in a manner so as potentially to affect the outcome of the proceedings." U.S. v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir.1986). In calling the witness, petitioners sought to introduce evidence they had presented to the court through earlier testimony.[3] From the record below, we conclude that the testimony, as described by petitioners' counsel in his offer of proof on this particular issue at the hearing, could not have affected the outcome of the proceedings. The Immigration Judge's error was therefore harmless. His refusal to allow the uncle's testimony was an abuse of discretion, but was not prejudicial.
 
 
 7
 The petition is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 If the prejudice to the alien is sufficiently great, denial of these statutory rights may violate the constitutional guarantee of due process. Baires v. INS, 856 F.2d at 91. Here, we find no prejudice; we, therefore, do not reach the constitutional issue
 
 
 [2]
 The Immigration Judge stated:
 If this was his father who had been persecuted, you might have a stronger case if it is persecution at all. Then you would have a case and I would allow the testimony. But, not in the case of the uncle. And that to say, then, that a nephew, in this case Luis, would be persecuted because his uncle was suspected of being a Somosista, that is patently obsurd [sic].
 
 
 [3]
 While counsel at one point asserted that the uncle would testify as to "privileged information," he failed to support the assertion when the Immigration Judge requested an offer of proof